WILLIAM J. BOSWORTH, plaintiff in error, *vs.* R. T. WALTERS and SAMUEL HEYS, defendant in error.

1. Where the securities of a sheriff applied to the Governor to be released from his bond, and the Governor ordered the sheriff to give another bond with security to the Ordinary of the county, within ten days ; on failure to comply within the time prescribed, he forfeited his right to exercise the duties of the office, although there may have been a vacancy in the office of Ordinary during the period. (R.)
2. When the vacancy occurred in the office of the Ordinary, by his resignation, the Clerk of the Superior Court was authorized to perform all the duties which the Ordinary could have performed as Clerk. (R.)

*Quo warranto.* Vacancy. Election of officers. Clerk of Superior Court *ex officio* Ordinary. Before Judge CLARK. Sumter Superior Court. May Term, 1872.

For the facts of this case, see the decision.

JACK BROWN; G. W. WOOTEN; C. T. GOODE, W. A. HAWKINS, for plaintiff in error.

FORT & HOLLIS; J. ANSLEY, for defendant.

WARNER, Chief Justice.

This was a writ of *quo warranto* filed on the information of Bosworth, who claimed to be the sheriff of Sumter county, against Walters and Heys, who, it is alleged, were exercising the duties of sheriff of said county of Sumter, in violation of the legal right of Bosworth to hold and perform the duties of sheriff as aforesaid. It appears from the record, that Bosworth had been elected sheriff; that his securities had applied to the Governor to be released from his bond, and the Governor ordered him to give another bond, with security, within ten days to the Ordinary of said county. Bosworth failed to give the new bond within the time required, and a new election for sheriff was ordered, at which Walters was elected, and in the meantime Heys had been temporarily appointed sheriff by the Superior Court. The Ordinary had resigned his office, and there was no Ordinary, as Bosworth contends, who could take and approve his bond. On the trial before the jury as to the issuable facts submitted, they found a verdict in favor of Walters.

A motion was made for a new trial, which the Court overruled and the counsel for Bosworth excepted. The main question in the case is whether Bosworth's office as sheriff became vacant, inasmuch as there was no Ordinary to take and approve his bond as required by the Executive order within the ten days. When the vacancy occurred in the office of the Ordinary, by his resignation, the Clerk of the Superior Court was authorized to perform all the duties which the Ordinary could have performed as Clerk, and no more: Code, 358. The giving the bond and security within ten days, as required by the Executive order, was a condition precedent to enable him to exercise and perform the duties of sheriff, and if he had filed his bond executed in terms of the law, with the Clerk of the Superior Court, (who was authorized to perform the duties of Clerk of the Court of Ordinary,) or had tendered the same to him, subject to the approval of the Ordinary to be elected to fill the then existing vacancy in that

office, it would have been, in our judgment, a substantial compliance with the Executive order, but he never filed his bond as required by law, or tendered or offered to file the same with any officer subject to the approval of the Ordinary of the county when elected, and failing to do so, he forfeited his right to exercise the duties of the office of sheriff, and the new election was properly ordered.

Let the judgment of the Court below be affirmed.